UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

CHARLES EVANS WHITTAKER U.S. COURTHOUSE
400 E. 9TH STREET
KANSAS CITY, MISSOURI. 64106

RECEIVED 2021 NOV -9 PM 3:19
CLERK U.S. DIST. COURT
W.T. DIST. OF
KANSAS CITY, MO

MACEO WILLIAMS,

    relator,

vs.

ATTORNEY GENERAL,

ERIC SCHMITT,

BRAD CAUDLE,

    Respondent

Case No.: 4:21-CV-802-SRB

**PETITION FOR WRIT OF PROHIBITION And MANDAMUS**

In Violation of the Administrative Procedural Act
Pursuant to (28 U.S.C. § 1651), (28 U.S.C. § 1361), (28 U.S.C. § 1331) (5 U.S.C. § 701)

## Authorities

1)   State ex rel. Feltner v. Cuyahoga County Board of Revision, 160 Ohio St. 3d 359, 2020-Ohio-3080, 157 N.E.3d 689 (2020).
2)   Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 953-954 (8th Cir. 1979)
3)   Anilao v. Spota, 774 F.Supp.2d 457, 489-490 (E.D.N.Y. 2011).

. - 1

Pursuant to Rule 21(a) of the Federal Rules of Appellate Procedure, petitioner, Maceo Williams applies for a **writ of prohibition** or, in the alternative, for a writ of mandamus directed to the United States District Court for the District of *[designation of district]*, *[designation of division]*, and in support of this application the petitioner states:

## JURISDICTION

This case involves a federal question and jurisdiction is proper under 28 U.S.C.A. § 1311

## NATURE OF PROCEEDING

This is a Complaint for Declaratory Judgment under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201

Re: Federal Question of: Fair Housing Act and the Administrative Procedural Act

Petitioner, *Maceo Williams*, Procedural Background:

1. Petitioner, Maceo Williams, on October 7th or 8th, filed a "Price Gouging Compliant" against Gold Crown Management with the Attorney General Office for the State of Missouri, case # CC-2021-10-001654.

    A. Mr. Brad Caudle directed Maceo Williams to upload links of video footage of evidence of my claim, including but not limited to, other documented evidence.

    B. The evidence is direct, and without a shadow of a doubt of the violation of price gouging, to multiple class of people, including the disability as well.

    C. On October 24, 2021, Mr Stephens Mirakian sent the Attorney General a political party message, stating that Maceo Williams was using the

. - 2

"race card", to turn the Republic Attorney General against Maceo Williams, the claimant of the Price Gouging Complaint.

D. The Political tactic worked, and immediately the Attorney General Office stop requesting for additional evidence pertaining to the case from Maceo Williams.

E. The Attorney General decided to take a racial stance by making a comment about racial insults from Maceo Williams that never happened in a email thread, that was confusing to Maceo Williams. Primarily, because there was no evidence for the racial stance from the Attorney General to reprimand Maceo Williams. And when Maceo Williams requested for the clarification for the racial remark from Mr. Caudle, the attorney general wouldn't clarify. There was no reason to lash out against Maceo Williams, and when he asked the Attorney General to point out the alleged racial insult a second time. He would not respond.

F. The Attorney General has demanded that Maceo Williams operate on the behalf of the opposing attorney without legal representation. The Attorney General deceived Maceo Williams into believing he was going into the opposing Attorney Office to solve all civil rights complaints and etc. It was learned that wasn't the intent. The reason why the Attorney General Brad Caudle wanted me to meet with Mr. Stephens, was to give him legal leverage in a racism complaint against him. The Attorney General knew that Maceo Williams reported Mr. Stephens to the Chief of Counsel prior to this, so why set him up to violate his constitutional rights?

G. Evidence was provided to the Attorney General to support Maceo Williams claim per the Attorney General request via email and phone conversations. However; immediately after the political cry from Mr. Stephens to the Attorney General, most of the evidence given to the government by Maceo Williams is now used against him by the opposing private attorney Mr. Stephens Mirakian. Due to the assistance of the Attorney General.

. - 3

The Attorney General decided not to enforce the Missouri Merchandising Act nor the Missouri Housing Development Commission Rental Assistance that I was instructed to do by Brad Caudle.

"The SAFHR Program is funded through the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260 (Dec. 27, 2020) (the "Act") and provided to the State of Missouri from the U.S. Department of the Treasury for emergency rental assistance. This project is being supported, in whole or in part, by federal award number ERA-2101112507 awarded to Missouri Department of Economic Development by the U.S. Department of the Treasury. The Missouri Housing Development Commission is administering this project on behalf of the Missouri Department of Economic Development.

For more information: https://home.treasury.gov/policy-issues/cares/emergency-rental-assistance-program

Therefore; because the Attorney General Directed Maceo Williams to wait until after November 14th to discuss rent with Mr. Stephens. Further ensures that Maceo Williams Due Process will be violated by this directive to ensure Maceo Williams homelessness and uttered eviction.

H. On political grounds to protect his political friend Stephens Mirakian. The Attorney General advocate told Maceo Williams that he was being "augmentive," wasn't helping his cause. However; I was the only party told not to speak (Violation of Freedom Speech) and the opposing Attorney, Mr. Stephens was allowed to be argumentive and bash Mr. Williams through legal rhetoric without restraint.

I. Maceo Williams, requested from the Attorney General via email that his Constitutional Rights not be violated any further, specifically his 14th Amendment right to Equal Protection of the Laws under the Attorney General scope of duty. The Attorney General decided to violate the Relator Civil and Constitutional Rights by violating its own standard operating procedures. And a full and fair mediation process

. - 4

from the Attorney General office was impartial, bias, and unfair. Maceo Williams has requested the uttered and complete removal of Mr. Claud from the case, but to no avail in all aspects.

J. The Attorney General made it appear through deceit, as he was helping Mr. Maceo Williams, by negotiating with Mr. Stephens, but in reality, he was violating Mr. Williams civil and constitutional rights by helping Mr. Stephen Mirakian, and forcing Maceo Williams to violate his constitutional rights by having an Attorney present.

K. 15 CSR 60-5.020, and 15 CSR 60-5.020, Outlines the Procedures for the Issuance of Orders, by the Attorney General, even a cease to desist order.

Gold Crown Management has continued to violate Maceo Williams rights since the Attorney General has failed to act based on the evidence and video footage provided per their request.

L. The Attorney General knew that Maceo Williams was unemployed, with no income. Maceo Williams also cried over the phone with Mr. Brad Caudle about not wanting anymore legal problems from the opposing attorney. Because he already had other legal issues to worry about. All of this private confidential information discussed with the Attorney General Advocate was given to the private opposing Attorney Mr. Stephens. And is the reason why the attorney general told me I have to wait until after the funds run out on November 14th from the COVID funds to get rent arrears. This is intentional violation of my constitutional rights, pursuant to: **TITLE 18, U.S.C., SECTION 242..... "Intentional Deprivation of Constitutional Rights"**

M. Maceo Williams requested to Exhaust his Administrative Remedies via email to the Attorney general. Maceo Williams was denied this right.

There is an existing, clear, unconditional legal right to the relator Maceo Williams from the Attorney General Office.

. - 5

1) Maceo Williams has a Federal 14th Amendment Right to Equal Protection under the Missouri Merchandising Act, as other citizens and residents are afforded. Especially under the extreme circumstances when the evidence supports the enforcement of this statue. And the Attorney General failure to act, violates the Administrative Procedural Act of 5 U.S.C. § 701 *et seq.*

2) Maceo Williams also has a right to the 6th Amendment of the Federal Constitution to have an attorney present in arbitrator proceedings. The Attorney General is violating this right by instructing Maceo Williams to enter the opposing attorney office without legal representation.

3) Attorney General is clearly aware from their own correspondence and writing to Maceo Williams, that they do not operate as a attorney on behalf of either parties, see exhibit; especially when contracts are in dispute. Pursuant to Mo. Revised Statue: 435.014

- The Attorney General has an unconditional duty to:
    1) Not take sides in a arbitrary setting between opposing parties
    2) To not intervene in the Fair Housing Racial Compliant.
    3) To enforce Price Gouging Complaints, pursuant to the Merchandising Act and not to assist the opposing attorney to resist rent payment by a until November 14th 2021

- The Attorney General failed to investigate Maceo Williams Complaint of the Merchandising Act .
- The Attorney General intentionally siding with the opposing Attorney. Injured Maceo Williams from due process of law, by indirectly barring Maceo Williams from his Fair Housing racism complaint against Gold Crown Management due to the Attorney General Procedural Errors in applying the **Missouri Administrative Procedure Act** of 536.073, and the Attorney General had very little regard to the evidence in favor of politics. Therefore; because of the personal involvement of the Attorney General has precluded Maceo Williams from Due Process of Law within 5 days of the eviction.

. - 6

**By prejudging a material fact, Respondent has abused his discretion and a writ of prohibition is the appropriate remedy for Respondent's improper denial of Relators' right to due process, rights to an legal counsel, and a constitutional right to Equal Protection under the law, and a right to Freedom of Speech in a mediation setting.**

A **writ of prohibition** is proper when a administrator has improperly denied a party his constitutional rights since such a denial is necessarily an act outside the Attorney General jurisdiction. State ex rel. Estill v. Iannone, 687 S.W.2d 172, 175 (Mo. en banc 1985); see also State ex rel. Diehl v. O'Malley, 95 S.W.3d 82, 84 (Mo. en banc 2003). Respondent has clearly abused his discretion by prejudging the material question of fact. Such action denies Relators their constitutional rights.

2. Respondent, **Eric Schmitt,** has been elected to, and now holds, the office of *Attorney General.*

Specifically, to have Maceo Williams enter into a blind conversation, in Mirkara Office, the opposing attorney without legal representation on November 15, 2021. The Attorney General knows Maceo Williams financial status, and therefore cannot afford an attorney, so why put Maceo Williams in such an injurious position?

In addition to this; Maceo Williams requested that the Attorney General honor Maceo Williams Constitutional Right to the 14th Amendment of Equal Protection under the Law afforded to all of Missouri Citizens, to enforce the law, especially when they have the video footage and other clear and convincing evidence.

It is clear to Attorney General, Consumer Advocate, Mr. Brad Caudle, in his initial letter sent to Maceo Williams that: Mr. Claud "Although our office is prohibited by law from acting as your private attorney…." By making a racial stance in case related to racism, especially when the consumer complaint was filed in the Attorney General Office on Price Gouging, and Mr. Williams asked the Attorney General to clarify his position on why he had gotten personally involved in the case by making his comment, especially when Maceo Williams could not see the reasons behind it.

Under 5 U.S.C.A 706(2)(a) reflects when there is an abuse of discretion, arbitrary and capricious against Maceo Williams Civil and Constitutional Rights.

. - 7

# Relief

Pursuant to: Declaratory Judgment Act, 28 U.S.C. § 2201.

WHEREFORE, petitioner requests that there may be issued against respondent an alternative **writ of** prohibition returnable within *5 days*, compelling respondent to enforce the merchandising act, and clarify his racial position in the comment he made in the case.

Plaintiff has be placed in a area of irreparable harm, because the Attorney General helped Crown Gold Management, and Attorney Stephen Mirkara in their evictions process, and further defend them in a racial complaint that Maceo Williams has been facing for over 15 months. The Attorney General knows that it is current. My racial compliant was never filed with the Attorney General office, yet, he decided defend the defendants without having any facts.

The Landlord was offered rent tender through Missouri Safher Program funded by the Federal Department of Treasure, for COVID-19 Relief for tenants. The Attorney General has demanded my eviction by ordering me to only speak to the opposing Attorney after the Covid-19 funds expire on November 14th. Yet the Attorney General sits on this board as well.

The Attorney General has placed Maceo Williams in further harm, by assisting the opposing attorney defense against Mr. Maceo Williams, by instructing Maceo Williams to enter into the private opposing Attorney Office, when Maceo Williams doesn't have, nor can afford legal representation. If this is a mediation process, then why not appoint a third party? This further violates Maceo Williams constitutional rights.

Therefore, because the Attorney General team has made racial stance in a case without even asking me for any evidence to support my claim. And when asked for the Attorney General to clarify his position, he would not. I fear for my life from the current Attorney General.

Plaintiff request that the courts set aside the Attorney General racial position in this case. And to uphold Maceo Williams constitutional rights to have an attorney present

. - 8

before following the instructions of the Attorney General to comply with the Opposing Counsel.

Plaintiff Request that the Attorney General office refrain from helping the opposing Attorney with their defense, and any information the Plaintiff has given the government (Attorney General Office) shall be help confidential and not given to the opposing attorney. Because the Attorney General decided not to investigate Maceo Williams claim, Or direct the opposing attorney not to use such information.

To have the exact same Equal Protection Under the Law and have my constitutional rights enforced, the merchandising act, and the Missouri Rental Assistance enforced that the Attorney General is member to its respective boards.

Dated: *11/07/2021*

*Maceo Williams*
*6861 North Olive St. # 7*
*Gladstone Mo 64118*

State of Missouri

County of Clay

On this _____ day of _____ in the year 2021, before me, the undersigned notary public, personally appeared Maceo Williams, known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained. In witness whereof, I hereunto set my hand and official seal.

_____

. - 9

Attorney General to clarify his position, he would not. I fear for my life from the current Attorney General.

I request that the courts set aside the Attorney General racial position in this case. And to uphold Maceo Williams constitutional rights to have an attorney present before following the instructions of the Attorney General to comply with the Opposing Counsel.

In addition to this, the date that the Attorney General

Dated: *11/07/2021*

Maceo Williams
6861 North Olive St. # 7
Gladstone Mo 64118

Subscribed and sworn before me, this 9th day of Nov 2021, a Notary Public in and for Clay County. State of Missouri

_____
(Signature)
NOTARY PUBLIC
My Commission Expires 05 Mar 2025

Certificate of Service

Attorney General

207 W High St

Jefferson City, MO 65101

. - 7